**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA DAVIS, Special Administrator of the ESTATE OF TYRONE DANDRIDGE, | ) | |
| | ) | **No. 08 C 6314** |
| Plaintiff, | ) | |
| v. | ) | JUDGE NORGLE |
| RENE DURAN, | ) | |
| | ) | Magistrate Judge Cole |
| Defendant. | ) | |

**DEFENDANT'S TRIAL BRIEF**

Defendant Rene Duran, by his attorneys, Thomas J. Aumann, Assistant Corporation Counsel, Tiffany Y. Harris, Assistant Corporation Counsel, and Alec M. McAusland, Senior Corporation Counsel, submits the following trial brief and state as follows:

**A. Nature of the Case**

Plaintiff brings a claim under 42 U.S.C. §1983 for alleged violations the Constitutional rights of Tyrone Dandridge, who is deceased. Specifically, Plaintiff brings a claim of excessive force against Defendant Rene Duran, a Chicago Police Officer, for shooting Tyrone Dandridge on September 19, 2008, resulting in Tyrone Dandridge's death. Plaintiff also brings claims of battery under Illinois state law.

**B. Facts Defendant Expect the Evidence Will Establish**

Defendant expects the evidence will establish that on September 19, 2008 at approximately 1:00 a.m., Chicago Police Officers Rene Duran and Daniel Kolodziejski were on patrol in the 13th police district when they received a radio dispatch pertaining to a domestic

disturbance at 145 N. Bell. The dispatcher assigned Officers Duran and Kolodziejski to investigate the domestic disturbance and told the officers there was a person at that address with a knife. As they drove to 145 N. Bell, the officers received an update over the radio from the dispatcher that someone inside the apartment was being stabbed.

When they arrived at 145 N. Bell, Officers Duran and Kolodziejski were met in the hallway to the apartment building by Ivelise Caro, the girlfriend of decedent's brother, Curtis Dandridge. Caro led the officers up to the second floor of 145 N. Bell. When the officers entered the second floor apartment, they saw Curtis Dandridge with his arms wrapped around Tyrone Dandridge. The officers announced their office, "police, police," and told Curtis to let go of Tyrone. When Curtis let go of Tyrone, the officers saw Tyrone make a stabbing motion toward Curtis with what appeared to be a long knife. The "knife" was a piece of glass from a nearby broken coffee table broken when the brothers had been fighting before the officers arrived. Officer Duran fired his service weapon once, striking Tyrone. Curtis Dandridge was taken in an ambulance to the hospital with stab wounds to his back.

**C. Theories of Defense**

**I. The §1983 Excessive Force Claim**

Plaintiff's claim for excessive force fails because a reasonable officer in Officer Duran's position would have believed that Tyrone Dandridge's stabbing motion placed Curtis Dandridge in imminent danger of death or serious bodily harm. See *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985); *Deering v. Reich*, 183 F.3d 645 (7th Cir. 1999). Officer Duran was reasonable in his belief because of Tyrone Dandridge's actions, as well as the dispatch calls the officers received prior to arriving at 145 N. Bell.

**II. The State Law Battery Claim**

Plaintiff's battery claim fails because Plaintiff cannot prove that Officer Duran acted willfully and wantonly in shooting Tyrone Dandridge and the evidence will show Officer Duran was legally justified in shooting Tyrone Dandridge. *See* 745 ILCS 10/2-202 (2002)*; McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Poole v. City of Rolling Meadows*, 167 Ill.2d 41 (1995). Officer Duran was legally justified in shooting Tyrone Dandridge because he reasonably believed that using deadly force was necessary to prevent Tyrone Dandridge from stabbing Curtis Dandridge, and thus to prevent death or great bodily harm to Curtis Dandridge**.** *See* 720 ILCS 5/7-5.

**D. Defendant's Theory of Damages**

Defendant anticipates prevailing on both the excessive force and battery claims, which would prevent Plaintiff from recovering any damages. Should Plaintiff prevail, Plaintiff will only be entitled to damages for pain and suffering, which Defendant's expert is expected to testify is limited. Plaintiff makes no lost wages claim that would enhance his damages. Plaintiff is not entitled to damages for the decedent's daughter's loss of society. *See Russ v. Watts*, 414 F.3d 783, 789-91 (7th Cir. 2005).

**E. Defendant's Theory of Judgment as a Matter of Law**

Defendant anticipates that questions of fact will preclude him from moving for judgment as a matter of law. Defendant reserves the right to move for judgment as a matter of law if the evidence at trial supports a motion.

Respectfully submitted,

BY: /s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-7630 (Phone)
(312) 744-6566 (Fax)
Atty. No. 06282455

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copies of the above and foregoing **Defendant's Trial Brief** to be served upon Bradley Skafish at brad@deutschmanlaw.com via electronic mail, on this 31st day of August, 2011.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel